**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 20-195 (RBW) |
| ) | |
| JEFFREY HENRY WILLIAMSON, ) | |
| ) | |
| Defendants. ) | |

## ORDER

In accordance with the oral rulings issued by the Court at the status hearing held on March 26, 2021, it is hereby

**ORDERED** that the Defendant's Motion for Funds to Retain Expert in Government Surveillance Techniques, ECF No. 41, is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that the Defendant's Third Application for Subpoenas, ECF No. 45, is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that the Defendant's Motion to Dismiss Indictment for Outrageous Government Conduct and/or Request for Entrapment Instruction, ECF No. 46, is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that the Defendant's Motion for Detention Hearing, ECF No. 47, is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that the Motion to Dismiss and for Sanctions for Government Attorney Misconduct Filing a Motion Solely for the Purpose of Delay Which They Know is Totally Frivolous and Without Merit Pursuant to 18 U.S.C. 3162(b)(2) and Failing to Proceed to Trial Without Any Justification Pursuant to 18 U.S.C. 3162(b)(4), ECF No. 49, is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that the Defendant's Fourth Motion to Dismiss Indictment for Abuse of the Grand Jury, for Failure to State and Offense, and for the Defendant's Communications Not True Threats Protected Under the First Amendment to U.S. Const., ECF No. 50, is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that the Defendant's Motion to Dismiss the Indictment, ECF No. 51, is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that the Defendant's Request for Ex Parte Hearing for Additional Grounds for Issuance of Subpoenas, ECF No. 52, is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that the Defendant's Supplement Motion to Dismiss Indictment for Violations of the Speedy Trial Act, ECF No. 53, is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that the Defendant's Motion to Dismiss Indictment for Violations of the Speedy Trial Act, ECF No. 54, is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that the Defendant's Application for Subpoenas for Government Representatives and Private Corporation to Produce All Documents, Information, or Objects Related to Defendant's Complaints on Government "Gang Stalking" Harassment and "BOP Misconduct" Both Terms Referenced and Material to the Indictment, ECF No. 55, is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that the Defendant's Motion for Funds to Retain a Private Investigator Necessary for an Adequate Defense, ECF No. 56, is **DENIED WITHOUT PREJUDICE**. It is further

**ORDERED** that the defendant's authority to file any additional pro se motions is revoked due to the defendant's abuse of the motions process—the defendant having already filed

forty-one motions, which were either filed prematurely, duplicative, or seemingly without a factual or legal basis.[1] Accordingly, only standby counsel is authorized to file motions on the defendant's behalf, having concluded that any such motion have a sufficient legal basis and can be ethically filed consistent with counsel's obligations as an officer of the Court. It is further

**ORDERED** that, on or before April 30, 2021, the parties shall file any and all additional motions in this case, including any motions in limine. It is further

**ORDERED** that the parties shall appear before the Court for a status hearing on May 5, 2021, at 11:00 a.m. via teleconference by calling 1-877-873-8017 and entering the Court's access code (8583213) followed by the pound key (#). The parties shall be prepared to discuss, inter alia, deadlines for oppositions and replies regarding any pending motions at that time. It is further

**ORDERED** that, on or before April 2, 2021, the defendant's standby counsel shall notify the Court of the ability of the Office of the Federal Defender's investigators to conduct the investigations desired by the defendant, provided that standby counsel concurs with the defendant's belief that his desired investigations are necessary and relevant to the defendant's defense in this case.[2]

---

[1] The defendant's abuses of motions practices in prior cases are well-documented. As a former member of this Court observed, the defendant "is an experienced pro se defendant who managed to fill the docket of his [prior] Houston prosecution with over 192 motions and supplements to motions between July 2008 when the case was filed and March 2010 when trial began." United States v. Williamson, 14-cr-151 (RMC), 2014 WL 12695379, at *3 (D.D.C. Oct. 16, 2014) (citing United States v. Williamson, 4:08-CR-539 (S.D. Tex.)). The defendant also "filed seventy-five motions, including eleven motions to dismiss the Indictment[,]" in his prior case that was prosecuted in this district. Id. at *2.

[2] This restriction has been imposed because the defendant has prematurely filed motions for discovery prior to even had the opportunity to review the discovery provided to him by the government. Moreover, the defendant has petitioned the Court to permit him to issue subpoenas that seemingly seek information that has no relevance to the offenses the defendant has been charged with in this case. Accordingly, the Court finds that the defendant lacks the ability to assess what investigations should be conducted because it might bear fruit that will be relevant to his defense in this case. Therefore, to avoid the expenditure of public funds for unnecessary and irrelevant private investigation services, the Court will only approve the retention of a private investigator if the Office of the Federal

**SO ORDERED** this 31st day of March, 2021.

_____
REGGIE B. WALTON
United States District Judge

---

Defender does not have the capacity to conduct investigations that standby counsel agrees are necessary and relevant to the defense of the defendant in this case.