UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Action No. 20-195 (RBW) |
| | ) |
| JEFFREY HENRY WILLIAMSON, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

In light of the discussions held between the Court, the defendant, proceeding pro se, and the defendant's standby counsel at the ex parte hearing held on October 26, 2021, the Court, in response to standby counsel's request, clarifies standby counsel's role in these proceedings as it relates to the motions process.  Upon consideration of the proceedings that have already been conducted in this case and the defendant's history in this and prior cases as a prolific filer of often premature, frivolous, and spurious motions, the Court concludes that the defendant's ability to file pro se pretrial motions must remain restricted.  However, the Court will modify its original restriction to include a means by which the defendant may make a record of any pretrial documents he is not permitted to file as motions, for future potential appellate review.

**I.    BACKGROUND**

On January 27, 2021, the Court ordered the defendant to "submit any and all motions through his standby counsel[]" in light of the filing of approximately seventeen handwritten and mailed-in motions.  Order at 1 (Jan. 27, 2021), ECF No. 27.  Because many of the defendant's motions were premature, duplicative, or seemingly without a factual or legal basis, the Court "caution[ed] the defendant that continued abuse of motion practice may impact his right to proceed pro se in this case."  Id.  For the sake of convenience, given the multitude of

complications posed by the COVID-19 pandemic, the Court further ordered that "the defendant's standby counsel shall file all motions received [from] the defendant on the docket but need only sign those motions that standby counsel concludes have a factual and legal basis." Id. at 1 n.1.

Thereafter, the defendant, through standby counsel, continued filing pro se motions until a total of forty-one motions had been entered on the docket in this case. See Order at 2–3 (Mar. 31, 2021), ECF No. 59. Finding that most, if not all, of the defendant's additional motions were similarly "filed prematurely, duplicative, or seemingly without a factual or legal basis[,]" the Court, on March 31, 2021, ordered that "the defendant's authority to file any additional pro se motions is revoked due to the defendant's abuse of the motions process[.]" Id. The Court further ordered that "only standby counsel is authorized to file motions on the defendant's behalf, having concluded that any such motion have a sufficient legal basis and can be ethically filed consistent with counsel's obligations as an officer of the Court." Id. at 3.

## II.    ANALYSIS

The defendant's right to proceed pro se "encompasses certain specific rights to have his voice heard." McKaskle v. Wiggins, 465 U.S. 168, 174 (1984). "The pro se defendant must be allowed to control the organization and content of his own defense, to make motions, to argue points of law, to participate in voir dire, to question witnesses, and to address the [C]ourt and the jury at appropriate points in the trial." Id. However, "[t]he right to self-representation is not a license to abuse the dignity of the courtroom[,]" and "[n]either is it a license not to comply with relevant rules of procedural and substantive law." Faretta v. California, 422 U.S. 806, 834 n.46 (1975). Indeed, "[a] pro se defendant may waive the right to represent himself if he refuses to obey the [C]ourt's directions or if he persists in raising irrelevant matters, in which case the [C]ourt may appoint counsel to take over the representation." United States v. Williamson,

Crim. Action No. 14-151 (RMC), 2014 WL 12695379, at *5 (D.D.C. Oct. 16, 2014) (citing United States v. Dougherty, 473 F.2d 1113, 1125–26 (D.C. Cir. 1972)).

The affirmation of "the dignity and autonomy of the accused" and the allowance of "the presentation of what may, at least occasionally, be the accused's best possible defense . . . can be achieved without categorically silencing standby counsel." McKaskle, 465 U.S. at 176–77. Accordingly, "[p]articipation by standby counsel outside of [trial]," id. at 179, may be permitted insofar as it does not disrupt "the pro se defendant['s] [ ] entitle[ment] to preserve actual control over the case he chooses to present to the jury[,]" id. at 178.  Thus, and in response to the defendant's conduct, the Court shall "extend[ ] the scope of standby counsel's representation[.]" See United States v. Lawrence, 161 F.3d 250, 253 (4th Cir. 1998).

Here, as the Court previously explained,

> the defendant has prematurely filed motions for discovery prior to even ha[ving] the opportunity to review the discovery provided to him by the government. Moreover, the defendant has petitioned the Court to permit him to issue subpoenas that seemingly seek information that has no relevance to the offenses the defendant has been charged with in this case.

Order at 3 n.2 (Mar. 31, 2021).  Furthermore, the Court observed that

> [t]he defendant's abuses of motions practices in prior cases are well-documented. As a former member of this Court observed, the defendant "is an experienced pro se defendant who managed to fill the docket of his [prior] Houston prosecution with over 192 motions and supplements to motions between July 2008 when the case was filed and March 2010 when trial began."  [ ] Williamson, [ ] 2014 WL 12695379, at *3 [ ] (citing United States v. Williamson, 4:08-CR-539 (S.D. Tex.)). The defendant also "filed seventy-five motions, including eleven motions to dismiss the Indictment[,]" in his prior case that was prosecuted in this district. Id. at *2.

Id. at 3 n.1 (second and last alterations in original).

Based on the defendant's pretrial motion-related conduct in both this case and others, the Court concludes that a restriction on the defendant's ability to file pretrial motions must remain

3

in effect. Because this restriction will affect neither the multiple pro se motions that are subject to the Court's consideration, nor the defendant's capacity to represent himself at trial, authorizing only the defendant's standby counsel to file any additional pretrial motions will neither impede the defendant's "entitle[ment] to preserve actual control over the case he [intends] to present to the jury[,]" McKaskle, 465 U.S. at 178, nor "destroy the jury's perception that the defendant is representing himself[,]" id. To conclude otherwise would be to permit the pro se defendant to unnecessarily continue to burden the Court and the government with responding to an exorbitant number of pretrial motions that have no legitimate bases in either fact or law, a practice that the Court would not be obligated to condone if engaged in by a member of the Bar. Having opted to represent himself, the Court is not obligated to afford him any greater leeway, which the defendant has demonstrated he will not heed when given the unfettered ability to file motions. And, because "the defendant's pro se status is not undermined by standby counsel's [expanded] participation in pretrial matters so long as the defendant is afforded an opportunity to convey his position(s) to the Court[,]" United States v. Moussaoui, Crim. Action No. 01-455-A, 2002 WL 1987962, at *1 (E.D. Va. Aug. 22, 2002) (emphasis added), the Court shall provide the defendant with a method by which he may make a record of any pro se documents that standby counsel refuses to file on his behalf as properly submitted pretrial motions.

### III.   CONCLUSION

For the foregoing reasons, the Court concludes that the defendant must remain restricted from filing pretrial motions in accordance with the Court's conditions.

**SO ORDERED** this 5th day of November, 2021.[1]

_____
REGGIE B. WALTON
United States District Judge

---

[1] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.